WESTERN DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANGELINE SWAIN and
M. GINA FOXWORTH,

                Plaintiffs, Pro Se,

v.                                      **DECISION AND ORDER**
                                                 08-CV-702S
BROOKDALE SENIOR LIVING and
JACK LEEBRON, Vice President
Legal Services,

                Defendants.

## I. INTRODUCTION

Plaintiffs Angeline Swain ("Swain") and M. Gina Foxworth ("Foxworth"), proceeding *pro se*, commenced this defamation action by filing a Summons with Notice in New York State Supreme Court, County of Erie. Defendants Brookdale Senior Living ("Brookdale") and Jack Leebron ("Leebron") removed the action to this Court based on diversity of citizenship. Currently before this Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the Motion is denied.

## II. BACKGROUND

### A. Facts

Plaintiffs were private caregivers for seniors residing at the Brookdale Senior Living facility in Kenmore, New York. (Docket No. 2, ¶ 7.)

On August 13, 2007, Defendant Leebron sent a letter ("Letter #1") to Donald

Grabeau, the power of attorney for an individual under Plaintiffs' care, advising him that one or both Plaintiffs were disruptive to the Brookdale facility and that Grabeau must hire someone else to perform the tasks currently performed by Plaintiffs. (Docket Nos. 2, ¶ 7; 2-3, pp. 1-2.) On September 17, 2007, Leebron sent a letter ("Letter # 2") to Grabeau and another individual, Flora Sliwa, who also had a relative at Brookdale. (Docket Nos. 2, ¶8; 2-3, p. 4.) Both were advised that they would need to make plans either to move their relatives out of Brookdale or change private duty care givers, as Plaintiffs were "still stirring the pot."

Plaintiffs claim that the letters defame their characters, and that Defendants' purpose in sending them was to retaliate against and put pressure on one of their relatives, who had filed an earlier lawsuit against Brookdale. (Docket No. 2 ¶¶ 7-8.)

**B. Procedural History**

Plaintiffs filed their Summons with Notice with the Erie County Clerk on August 13, 2008. (Docket No. 1-2.) The Summons with Notice was timely served on Defendants on or about September 2, 2008. (Docket No. 1, ¶ 3). Together, those documents identify Plaintiffs as residing in New York and Defendants as citizens of Tennessee, give notice of the nature of the action—"Defamation of Character," and seek "a letter apologizing for impugning our character in your letters [and] monetary compensation of 100,000." (Docket No. 1-2).

After receiving the Summons with Notice, Defendants made a written demand upon Plaintiffs, dated September 22, 2008, for service of a complaint within twenty (20) days, pursuant to NY CPLR 3012(b). (Docket No. 2-2.) On the same day, Defendants removed the action to this Court based on diversity of citizenship. (Docket No. 1.)

On or about October 14, 2008, apparently in response to Defendants' written demand for a complaint, Plaintiffs served a completed *pro se* complaint form on Defendants' attorney, Daria A. Carr. (Docket Nos. 3, ¶ 6; 3-3). On that same date, Plaintiffs filed an "Answer to Notice of Removal," to which they attached:

1. Defendants' demand for a complaint (Docket No. 2-2);
2. Letter #1 (Docket No. 2-3 pp. 1-3);
3. a Summons, purportedly relating to their relative's lawsuit (*id.* p. 3);
4. Letter #2 (*id.* p. 4);
5. a Process Receipt and Return purportedly relating to their relative's lawsuit (*id.* p. 5); and
6. a character reference written for Swain (*id.* pp. 6-7).

On January 6, 2009, Plaintiffs filed a second "Answer to Notice of Removal" to which they appended a copy of the complaint they executed on October 10, 2008—the complaint they served on Defendants' counsel on October 14, 2008. (Docket Nos. 3-3; 6, Ex. 1.)

On November 24, 2008, Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 3.) The motion is fully briefed, and the Court has determined that oral argument is unnecessary.

### III. DISCUSSION

Defendants put forth three arguments in support of dismissal: (1) Plaintiffs have failed to properly commence this action due their failure to file and serve a complaint in accordance with the Federal Rules of Civil Procedure; (2) the Answer to Notice of Removal and attachments (Docket No. 2) does not constitute a proper complaint; and (3) Plaintiffs "papers" fail to plead defamation with the requisite specificity. (Docket No. 3 ¶¶ 7-8, 13.) It is not entirely clear what "papers" Defendants are referring to in moving against the pleading, having declined to acknowledge the existence of a complaint. Their reply

memorandum makes clear that the motion to dismiss is based on "Plaintiffs' [first] 'Answer to Notice of Removal' and the attachments thereto."  (Docket No. 12 at 5.)

**A. Improper Commencement of the Action.**

This Court first notes that Rule 12(b)(6) is not the proper vehicle for challenging the sufficiency of process or service of process.  Such challenges are properly brought under Rules 12(b)(4) and 12(b)(5).  Nevertheless, I will proceed to consider Defendants' contentions that the complaint has not been properly filed and served in accordance with the Federal Rules (Docket No. 3, ¶¶ 6, 8), and that "Plaintiffs' answer to Defendants' removal papers do not constitute a proper complaint" (*id.* at ¶ 7).

Although the ordinary course in both federal practice and New York State practice is for the complaint to be served together with a summons, New York Civil Practice Law and Rules affords plaintiffs the alternative of filing and serving a summons with notice. Specifically, NY CPLR 305(b) provides, in relevant part that, "if the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought . . . ."  N.Y. C.P.L.R. 305(b) (McKinney 2001).

After receipt of a summons with notice, a defendant may make a demand for the complaint under NY CPLR Rule 3012(b), which provides, in pertinent part, that "[i]f the complaint is not served with the summons, the defendant may serve a written demand for the complaint [and] [s]ervice of the complaint shall be made within twenty days after service of the demand.  . . .  If no demand is made, the complaint shall be served within twenty days after service of the notice of appearance." NY CPLR 3012(b) (McKinney 1991).

After service of a summons with notice, all other papers in the action, *including later*

*pleadings*, become interlocutory papers which may be served by mail on the party's attorney. Siegel, N.Y. Prac. §231 (4th ed. 2009). The proper methods of service for interlocutory papers is governed by NY CPLR Rule 2103, which provides, in relevant part:

(b) **Upon an attorney.** Except where otherwise prescribed by law or order of the court, papers to be served upon a party in a pending action shall be served upon the party's attorney . . . . Service upon an attorney shall be made:

1. by delivering the paper to the attorney personally; or
2. by mailing the paper to the attorney at the address designated by that attorney for that purpose or, if none is designated, at that attorney's last known address.

NY CPLR 2103(b) (McKinney 1999).

This action was properly commenced in state court, in accordance with state court procedure, and Defendants do not contend otherwise. After receiving the summons with notice, Defendants' counsel utilized state court rules to demand a complaint. Counsel presumably made the demand while the case remained pending in state court and those rules still governed.[1] The complaint was delivered to Defendants' attorney, again in compliance with the state court procedure invoked by the demand. After controlling the timing of their demand for a complaint and the removal, Defendants now suggest that Plaintiffs must "commence" the removed action anew in this Court by filing and serving a summons and complaint in accordance with the Federal Rules of Civil Procedure. They do not cite to any supporting statutes or cases. This Court disagrees that Plaintiffs must commence their action anew in this Court for the following reasons.

The federal removal statute provides that the notice of removal "shall be filed within

---

[1] As previously noted, Defendants removed this case on the same day they authored their demand for the complaint.

thirty days after receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting for the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b) (1996) (emphasis supplied). It is well-settled that a summons with notice will be found to constitute an initial pleading for removal purposes so long is it provides enough information for the defendant to intelligently ascertain removability. Village of Wellsville v. Atlantic Richfield Co., 608 F. Supp 497, 499 (W.D.N.Y. 1985) (where a plaintiff's residence was clear on face of summons, the demand exceeded the statutory minimum, and the nature of the action was set forth in the notice, the summons with notice was sufficient to constitute an "initial pleading" for purposes of removal). It would be nonsensical to conclude that a pending state action that is properly removable, as Defendants contend is the case here, is then rendered a nullity because the parties followed state court procedures prior to removal. In any event, it is beyond dispute that there is no need for issuance of a federal summons in this removed case.

"[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings . . ." Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70, 415 U.S. 423, 437, 94 S. Ct. 1113, 39 L. Ed. 2d. 435 (1974). Here, it is clear Plaintiffs did not actually serve their complaint on Defendants' counsel until after the case had been removed. Defendants urge that service on counsel was improper, and that Plaintiffs were required to serve them individually in accordance with Rule 4, as if first commencing the action. Defendants blithely ignore the fact that by removing the action and entering an appearance on Defendants behalf, counsel agreed to accept service of subsequent pleadings and other

papers, which Plaintiffs successfully accomplished pursuant to Rule 5(b)(1).  Accordingly, I find Defendants have been properly served with a complaint.

There is one requirement that Plaintiffs have failed to carry out, however.  They have neglected to file the complaint they served upon Defendant's counsel with the Court, along with a certificate of service.  See Fed. R. Civ. P. 3 and 5(d)(2) (the complaint, and any paper after the complaint that is required to be served must be filed).  Plaintiffs inclusion of the complaint as an attachment to a filed document is not sufficient.  They must present their complaint, with original signatures, to the Clerk of Court for filing.  Rather than dismiss Plaintiffs' complaint because of this procedural oversight, this Court will extend Plaintiffs time to file and hereby **directs Plaintiffs to file their original complaint and certificate of service with the Clerk of this Court within (30) days after the date of this Decision and Order**.  Failure to do so may result in a dismissal for failure to prosecute their case.

## B. Failure to State a Claim

Although Defendants were served with a copy of Plaintiff's complaint on or about October 14, 2008, they contend it is invalid as an operative pleading.  Their motion to dismiss is directed, not to the complaint, but to Plaintiffs Answer to Notice of Removal (Docket No. 2), which affirms the appropriateness of removal on diversity grounds and includes copies of Leebron's purportedly defamatory letters. Rule 12(b) permits defendants to assert by way of motion certain defenses to claims made in a pleading. Because this Court agrees with Defendants' contention that the filing they move against is not a pleading, their motion to dismiss is futile.  Accordingly, the motion to dismiss is denied without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied without prejudice.  Furthermore, Plaintiffs must file their complaint within thirty (30) days of the date of this Decision and Order or risk dismissal of their claims for failure to prosecute.

## V.  ORDERS

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 3) is DENIED without prejudice.

FURTHER, **Plaintiffs are directed to file their original complaint and a certificate of service with the Clerk of the Court within thirty (30) days of the date of this Decision and Order**.

FURTHER, the Clerk of the Court is directed to accept the Complaint for filing without payment of a filing fee and without issuance of Summonses, as this action properly was commenced by filing and service of a Summons with Notice in New York State Supreme Court.

SO ORDERED.

Dated: September 24, 2009
       Buffalo, New York

                                             /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge