```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

ANGELINE SWAIN and
M. GINA FOXWORTH,

          Plaintiffs,

    v.                                           **DECISION AND ORDER**
                                                       08-CV-702S

BROOKDALE SENIOR LIVING and
JACK LEEBRON, Vice President
Legal Services,

          Defendants.

## I. INTRODUCTION

Plaintiffs Angeline Swain ("Swain") and M. Gina Foxworth ("Foxworth"), proceeding *pro se*, commenced this defamation action by filing a Summons with Notice in New York State Supreme Court, County of Erie. Defendants Brookdale Senior Living ("Brookdale") and Jack Leebron ("Leebron") removed the action to this Court based on diversity of citizenship. Currently before this Court is Defendants' Second Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 17.) For the reasons stated below, the Motion is denied.

## II. DISCUSSION

Plaintiffs, private caregivers for seniors residing at the Brookdale Senior Living facility, claim that Defendant Leebron defamed them in letters he authored regarding their

1

presence at Brookdale.

Defendants have moved to dismiss the Complaint on the grounds that Plaintiffs fail to plead defamation with the requisite specificity and, in any event, fail to state a claim for relief.

**A.     Motion to Dismiss Standard**

When a defendant tests the sufficiency of a complaint by motion, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  ATSI Commc'ns, Inc. v. Shaar Fund. Ltd., 493 F.3d 87, 98 (2d Cir. 2007)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  In order to withstand dismissal, a "complaint must contain sufficient factual matter, [ ], to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). This "does not require heightened fact pleading of specifics. . . ." In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007). It does, however, "require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 557).  Although all facts are accepted as true, the district court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-50 (citations and quotations omitted).

**B.     The Sufficiency of Plaintiffs' Complaint**

Defendants first argue that Plaintiffs have not met the stringent state law pleading requirements necessary to state a claim for relief, NY CPLR § 3016(a), and cite a case

from this district in support. Although this Court acknowledges that this district and others previously issued inconsistent decisions in this regard, there no longer is doubt as to the pleading standard that applies. It is now well-settled that defamation claims, like any other claim commenced in or removed to federal court, are governed by the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, DiFolco v. MSNBC Cable, LLC, 622 F.3d 104, 110-11, 113-14 (2d Cir. 2010) (confirming that Rule 8 pleading standard applies to defamation claims); Gmurzynska v. Hutton, 355 F.3d 206, 208-209 (2d Cir. 2004) (same); Amar v. Hillcrest Jewish Ctr., 05-CV-03290, 2008 U.S. Dist. LEXIS 108180, at *21 (E.D.N.Y. Mar. 31, 2009) (same). Under this standard, the pleading need only afford the defendant sufficient notice of the communications complained of to enable him to defend himself.

According to Defendants, Plaintiffs' Complaint falls short of even this liberal requirement because it refers to the letters only by their dates and Plaintiffs have not attached the actual letters to the Complaint. This argument borders on sanctionable for two reasons. First, Plaintiffs' complaint provides the author, dates, and subject of the letters, which constitutes sufficient notice of the communications at issue. Second, as Defendants are well aware, the letters, authored by Defendant Leebron, were filed in this case even before the Complaint was filed. (Docket No. 2.)

"'[T]he complaint is deemed to include any written instrument attached to it as an exhibit *or any statement or documents incorporated in it by reference*.'" Int'l Audiotext Network, Inc. v. Am. Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (quoting Cortec Indus., Inc. v. Sum Holdings L.P., 949 F.2d 42, 47 (2d Cir. 1991) (emphasis supplied)).

3

Defendants' second argument is titled "Plaintiffs' [sic] fail to state a claim under New York law for defamation." However, they do not proceed to analyze whether Plaintiffs' allegations are sufficient to raise their right to relief above the speculative level. Instead, they return to New York's CPLR § 3106, assert that "these pleading requirements are 'strictly enforced' by New York's courts," and conclude that dismissal is appropriate because "Plaintiffs fail to meet the overwhelming majority of the . . . requirements."

As discussed above, Plaintiffs have met the Rule 8 pleading standards and dismissal on this basis is unwarranted.

**C.    Defendants' Reply Memorandum**

In their reply memorandum, Defendants argue, for the first time, that their statements are protected opinion as a matter of law. District courts routinely decline to consider arguments raised for the first time in a reply brief. *See* Export-Import Bank of the United States v. Hi-Films S.A. de C.V., No. 09 Civ. 3573, 2010 U.S. Dist. LEXIS 100927, at *35 n.4 (S.D.N.Y. Sept. 24, 2010); Wise v. Cavalry Portfolio Servs., LLC, 09-cv-86, 2010 U.S. Dist. LEXIS 30354, at *11 (D. Conn. Mar. 30, 2010) (argument raised for first time in reply brief is not entitled to substantive consideration).

Arguments raised in reply deprive the opposing party of the opportunity to challenge the movant's analysis and present authority on the issue. The Court declines to deprive these *pro se* litigants of that opportunity. Accordingly, Defendants' Motion to Dismiss is denied.

### III.  CONCLUSION

For the reasons stated, Defendants' Second Motion to Dismiss is denied.

**IV. ORDER**

IT HEREBY IS ORDERED that Defendants' Motion to Dismiss (Docket No. 17) is DENIED.

SO ORDERED.

Dated: March 31, 2011
       Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              Chief Judge
                              United States District Court